IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMAL M. AWAD | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:06CV870 LG-JMR |
| | § | |
| ATTORNEY GENERAL MICHAEL | § | |
| B. MUKASEY, ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [19] filed by the Defendants. The Plaintiff is proceeding *pro se* in this action challenging the denial of his naturalization application. He has filed a response to the Motion, and the Defendants replied. After having conducted a de novo review of the record, and reviewed the submissions and the relevant law, it is the Court's opinion that Defendants have established that they are entitled to judgment as a matter of law. There is no question of material fact for the jury. The Defendants' Motion will therefore be granted.

FACTS AND PROCEDURAL HISTORY

Plaintiff Awad is a native of Syria who became a lawful permanent resident of the United States on February 1, 1994. Ct. R. 19-2 p. 4. He applied for naturalization on January 20, 1998. *Id*. at 19. His application was denied on June 8, 1999. *Id*. at 24. The Immigration and Naturalization Service's reason for the decision was:

> By failing to reveal your arrest for an embezzlement charge on 5-24-94, on your application and while under oath, you have made false statements under oath in connection with attempting to obtain a benefit under the Immigration and Nationality Act in violation of 8 USC 1001(f)(6). The court disposition you provided states you pled guilty to this charge. You are thereby statutorily barred from establishing good moral character, a prerequisite for eligibility for naturalization.

*Id*.

Awad appealed the INS's decision. Ct. R. 19-2 p. 26. While the appeal was pending, Awad was convicted of conspiracy to commit mail and interstate wire communications fraud in the United States District Court for the Northern District of Mississippi. On October 16, 2003, he was sentenced to one year imprisonment and three years supervised release. Ct. R. 19-3 p. 2-3. Approximately one year later, the INS began removal proceedings. Ct. R. 19-4 p. 1. The Notice to Appear informed Awad that he was deemed deportable because of the aggravated felony conviction. *Id.* at 3. A hearing was conducted, at which Awad was represented by attorney Kathleen Gasparian. *Id*. at 5. The Immigration Judge issued an oral decision on February 10, 2005. *Id*. Among other things, he determined that Awad should be removed from the United States "on the charge contained in the Notice to Appear." *Id*. at 12-13. Awad's appeal of the Immigration Judge's decision was denied by the Board of Immigration Appeals on July 25, 2005. *Id.* at 16-19. One year later, the U.S. Citizenship and Immigration Services issued its decision on Awad's initial appeal, affirming the denial of his naturalization application. *Id*. at 20-21.

## Discussion

*Denial of the Application*

Awad's application for naturalization was denied because he found to lack good moral character. Title 8 C.F.R. § 316.10(a)(1) states:

> An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.

Pursuant to 8 C.F.R. § 316.10(b)(1), an applicant shall be found to lack good moral character, if the applicant:

> Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit.

Awad failed to inform the INS that he had been arrested on an embezzlement charge in 1994, that the charge was reduced to the offense of trespass less than larceny, and that he had pled guilty to the reduced charge. *See* Ct. R. 19-2 p. 21, 23. Therefore, the INS did not err in determining that Awad had given false information in order to obtain the benefit of naturalization, making him a person lacking good moral character and therefore ineligible for naturalization.

*Procedural Due Process*

Awad argues that, had his appeal of the initial decision on naturalization in 1999 not been delayed until 2006, the USCIS would not have had his 2003 aggravated felony conviction to consider, and he would prevailed on appeal and awarded the benefit of naturalization. Thus, he claims a denial of his right to procedural due process.

"It is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 391 (E.D. Pa. 2007) (quoting *Mudric v. Atty Gen.*, 469 F. 3d 94, 98 (3d Cir. 2006)). Awad has no right to have his appeal adjudicated as quickly as he would like. *See Morgovsky v. Dept. of Homeland Sec.*, 517 F. Supp. 2d 581, 585 (D. Mass. 2007) ("This may be a denial of desired process, but it is not a denial of due process"); *Breyer v. Meissner*, 23 F. Supp. 2d 540, 546 (E.D. Pa. 1998).

> In making a request for immigration benefits, aliens only have those statutory rights granted by Congress, and no federal statute or regulation prescribes a hard-

> and-fast deadline for acting upon immigration applications and petitions, such as the ones in this case, submitted to the various agencies that administer our immigration laws. No constitutional injury occurred from the INS delays in this case because [the applicant] simply had no due process entitlement to the wholly discretionary benefits of which he and his mother were allegedly deprived, much less a constitutional right to have them doled out as quickly as he desired.

*Mudric v. Attorney General of U.S.*, 469 F.3d 94, 99 (3d Cir. 2006) (citations and quotation marks omitted).

Furthermore, it should be noted that Awad's complaint of delay does not involve his initial application, which was acted on in less than six months, but the second level review. "The Third Circuit has found that the 'private interest in the prompt disposition of second level appeals is significantly weaker than the interest in a prompt initial hearing.'" *Breyer v. Meissner*, 23 F. Supp. 2d 540, 547 (E.D. Pa. 1998) (quoting *Wilkinson v. Abrams*, 627 F.2d 650, 669 (3d. Cir. 1980)).

For these reasons, the Court finds that any delay in adjudicating the appeal from the denial of Awad's application for naturalization did not result in a violation of Awad's right to procedural due process.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [19] filed by the Defendants is **GRANTED**. Plaintiff's case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of May, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE